ON APPLICATION FOR REHEARING
RUSSELL, Judge.
On application for rehearing the grandmother states that, after a hearing on the mother’s petition, the trial court entered an .order that continued temporary custody with the grandmother. She contends that the order was a removal of custody after notice to the mother. Therefore, she claims that, pursuant to Ex parte McLendon, 455 So.2d 863, the mother’s presumptive superior right to custody no longer applies.
The order states that temporary custody was tp remain with the grandmother only until home studies were conducted and until the trial court entered an order for permanent custody of the minor child. In Sims, 515 So.2d at 2, temporary custody awards are distinguished from pendente lite orders as follows:
“[Tjemporary custody awards are generally intended to last until one of the parties petitions the court to modify the decree granting temporary custody. Pendente lite orders, on the other hand, are generally entered only during the pendency of the litigation, and are usually replaced by a final order or decree which is entered at the end of the litigation. Therefore, a pendente lite order, whether entered ex parte or after notice and hearing, clearly envisions a temporary disposition of custody pending a later final determination of the custody dispute.”
(Citations omitted) (emphasis supplied). The Sims court goes on to state that the McLen-don rule does not apply to pendente lite orders.
Therefore, based on the above, we hold that, because the order issued by the trial court was to be effective during the pendency of the litigation, it was a pendente lite order that did not activate the McLendon rule. Therefore, the mother did not lose her superior right to custody.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
ROBERTSON, P.J., and THIGPEN, J., concur.